SHAW, Justice
(dissenting).
I respectfully dissent. This is a difficult case; it presents a close call. However, I believe that D.W. properly preserved in the probate court the constitutional issue he raised in the Court of Civil Appeals.
D.W.’s counsel, citing applicable caselaw, argued in open court, among other things, that when an unwed or unmarried father demonstrates “commitment to the responsibilities' of parenthood by coming forward to participate in the rearing of his child, his interest and personal contact with the child acquires substantial protection under the Due Process Clause.” The father’s remaining arguments might have stressed other potential problems,-but I believe he could be fairly understood to be arguing that his commitment here existed before the child was born. Thus, I agrée with the Court of Civil Appeals that he argued that “he had demonstrated the requisite commitment to fatherhood before the birth of the child such that he retained a constitutional right to object to the adoption of the child.” D.W. v. J.W.B., 230 So.3d 763, 779 (Ala.Civ.App.2015).
D.W.’s counsel might not have specifically alleged that Alabama’s Adoption Code and the Putative Father Registry Act, as applied, deprived him of his constitutional rights, but the probate court appeared to understand that those statutes might be implicated because, when it denied D.W.’s constitutional objection, it noted that the constitutionality of those statutes had previously been upheld. Further, although D.W. might not have argued his constitutional claim before the probate court, which, as the main opinion notes, is not determinative of whether the claim was waived, his argument, was. contingent on the probate court’s first ruling on whether a common-law marriage between him and the child’s ■ mother existed; depending on the probate court’s ruling at trial; the constitutional issue might not have arisen at all.
I believe that the Court of Civil Appeals correctly held that the issue had been preserved. Therefore, I dissent.